UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION,<br><br>Defendant(s). | Case No.: 2:18-cv-00862-MMD-NJK<br><br>**ORDER** |

In cases involving claims for patent infringement, this Court applies Ninth Circuit law on issues that are not unique to patent law and Federal Circuit law on issues that are unique to patent law. *See, e.g.*, *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1371 (Fed. Cir. 2002). In the context of discovery-related motions, the governing law may vary even as to the issues presented within those motions. *Compare, e.g.*, *Truswal Sys. Corp. v. Hydro-Air-Eng'g, Inc.*, 813 F.2d 1207, 1209 (Fed. Cir. 1987) ("An order quashing a subpoena is not unique to patent law," so Ninth Circuit law governs) *with id.* at 1212 ("[A] determination of relevance implicates the substantive law of patent validity and infringement," so Federal Circuit law governs). It is in the interest of efficiency and thoughtful resolution of disputes that the parties provide meaningful discussion as to which law governs the various aspects of their filings.[1]

---

[1] As a corollary, the subsequent analysis should focus on case law issued by the appellate court providing the controlling precedents.

1

Accordingly, the Court hereby **ORDERS** that every discovery-related motion and every response thereto must—prior to addressing the substantive arguments—provide a choice-of-law analysis for the issues in dispute. This analysis shall be provided in its own section under the heading of "Choice of Law Analysis." Failure to include this analysis within a motion may result in its summary denial. Failure to include this analysis within a response may result in the granting of the motion as unopposed.

IT IS SO ORDERED.

Dated: October 2, 2018

_____
Nancy J. Koppe
United States Magistrate Judge