UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION, et al.,<br><br>Defendant(s). | Case No.: 2:18-cv-00862-MMD-NJK<br><br>**ORDER**<br><br>(Docket No. 152) |

Pending before the Court is Plaintiff's motion to compel further discovery from Defendants Caesars Entertainment Corporation and Wynn Las Vegas LLC. Docket No. 152. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 152, 153, 155-3[1]. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, Plaintiff's motion is **GRANTED**.

**I.    BACKGROUND**

This case arises from alleged patent infringement by Defendants' Internet access systems. Docket No. 152 at 6.

On June 27, 2019, Plaintiff propounded on Defendants its second-amended first sets of common interrogatories and requests for production. Docket Nos. 152-7, 152-10. Defendants

---

[1] Plaintiff has filed two versions of its reply—one redacted, one unredacted. *See* Docket Nos. 154, 155-3. The Court denied Plaintiff's request to seal the unredacted version. Docket No. 158 at 3. Thus, the Court cites to the unredacted version in this order.

1

partially objected and partially responded to these sets. *See* Docket Nos. 152-8, 152-9, 152-11, 152-12. On April 27, 2020, Plaintiff served a subpoena on Hospitality Network, LLC—third-party provider of Defendants' accused Internet access systems—for documents; Defendants submit that, according to their counsel who also represent Hospitality Network for its response to the subpoena, the subpoena requests the "same documents" that Plaintiff sought in its June 27, 2019, requests for production (and now seek with its instant motion). Docket No. 153 at 2–3, 5.

On June 2, 2020, Plaintiff's counsel sent Defendants' counsel a letter stating that Defendants' responses to the discovery sought on June 27, 2019, were deficient.[2] *See* Docket No. 152-2 at 2–3. On June 9, 2020, Defendants' counsel responded that Defendants had provided all "responsive information [] in their possession, custody, or control." Docket No. 152-3 at 2–3. On June 10, 2020, Plaintiff's counsel replied that, on the facts and the law, Defendants' position was "untenable" and unbelievable. *See* Docket No. 152-5 at 2–3.

On June 12, 2020, the parties met and conferred. Docket No. 152 at 7. During the meet and confer, Defendants' counsel stated that Defendants had looked for documents responsive to Plaintiff's requests almost ten months before and that Hospitality Network "likely" has the documents Plaintiff seeks and would be producing them "in very short order." Docket No. 153 at 4. Defendants' counsel also stated that Defendants again looked for documents responsive to Plaintiff's requests and found none that had not been produced in August 2019. *Id.* Plaintiff's counsel submits that Defendants also agreed to supplement their response to Interrogatory No. 1 and that Plaintiff told Defendants that, even if it is Hospitality Network that has the responsive documents, the documents are still within Defendants' "control" and therefore must be produced. Docket No. 152 at 7; *see also* Docket No. 152-6 at 2–5 (email chain about the meet and confer). Plaintiff's counsel further submits that, in a later email, Defendants' counsel failed to confirm that Defendants would supplement their response to Common Interrogatory No. 1. Docket No. 152 at 7; *see also* Docket No. 152-6 at 2.

---

[2] Plaintiff's letter lists two dates: May 26, 2020, on the first page, and June 2, 2020, on the second page. The first date appears to be an error. *See, e.g.*, Docket No. 152-5 (listing May 26, 2020, again on the first page, and June 10, 2020, on the second page).

## II. STANDARDS

The trial court has broad discretion to permit or deny discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The scope of discovery is limited to nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. Fed.R.Civ.P. 26(b)(1). The party seeking to avoid discovery bears the burden of showing why the discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party that resists discovery must detail—through "specific examples and articulated reasoning"—why each discovery request is objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006); *see also F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013).

## III. ANALYSIS

Plaintiff moves to compel supplemented responses to its Common Interrogatory No. 1 and Requests for Production Nos. 1–4, 6:

> **Common Interrogatory No. 1.** For each and every Accused System, describe in detail the system including but not limited to:
> - The name of the vendor that provides the system;
> - The system's components by maker, name, model number, and any applicable version or revision identifier, including without limitation information sufficient to identify applicable third-party documents and source code regarding that component, if applicable;
> - The configuration of the system adopted by you.
>
> **Common Request for Production No. 1.** All documents sufficient to show the hardware used in each version of the Accused Systems, including but not limited to bills of materials, architectural documents, architectural specifications, design documents and design specifications.
>
> **Common Request for Production No. 2.** All documents describing the technical aspects of the Accused Systems, including but not limited to:
> - Source code for the Accused Systems;
> - Software flowcharts and overviews, software architectural documents, and engineering documents;
> - User manuals for the components of the Accused Systems;

3

- Service manuals for the components of the Accused Systems;

- Installation manuals for the components of the Accused Systems;

- Administrative manuals for the components of the Accused Systems;

- Configuration(s) for the components of the Accused Systems;

- Specifications for the components of the Accused Systems;

- Design documents and specifications for the Accused Systems;

- Documents related to the functionality shown in [Plaintiff]'s Disclosure of Asserted Claims and Infringement Contentions.

**Common Request for Production No. 3.** All documents regarding the provision of Internet access to guests and visitors, including but not limited to documents describing how to connect to your computer network, and instructions or manuals provided to visitors and guests regarding Internet access.

**Common Request for Production No. 4.** All documents sufficient to show the changes made to the Accused Systems since each system's release, including but not limited to changes made to the Accused Systems to avoid infringement of the Asserted Patent.

**Common Request for Production No. 6.** Documents sufficient to show use of the Accused Systems by others, including your guests and visitors, such as access logs or billing records.

Docket No. 152 at 9–12. Defendants submit that they provided the responsive information and documents within their "possession, custody or control" in August 2019 and have found nothing since that was undisclosed and is responsive. Docket No. 153 at 3. Defendants oppose Plaintiff's motion to compel on two main bases: (1) that the documents Plaintiff seeks are within Hospitality Network's control; and (2) that it would "clearly be unreasonably cumulative or duplicative" to require Defendants to request the documents from Hospitality Network because Plaintiff subpoenaed them from Hospitality Network and it has agreed to provide them.[3] *See id.* at 5–6.

---

[3] In fact, Defendants submit that Hospitality Network "began rolling productions" in response to Plaintiff's subpoena on June 25, 2020 (the day before Plaintiff filed its instant motion), made another production on June 30, 2020, and "intend[ed] to complete its collection, review, and production of documents responsive to [Plaintiff's] subpoena by [the] next week." Docket No.

4

Therefore—because Defendants do not object to Common Interrogatory No. 1 or Requests for Production Nos. 1–4, 6,[4] beyond the two issues noted above—the Court will discuss only these two issues.

### A. Control

A party answering an interrogatory or responding to a request for production must provide all responsive information or documents in its possession, custody, or control. *See* Fed.R.Civ.P. 34(a)(1); Fed.R.Civ.P. 33(a); *Hawkins v. Kroger Co.*, 2019 WL 4416132, at *8 (S.D. Cal. Sept. 16, 2019). The term "control" is broadly construed. *Prado-Guajardo v. Perez*, 2017 WL 3130420, at *5 (D. Nev. July 24, 2017) (citation omitted). Indeed, "[i]n the Ninth Circuit, a party may be ordered to produce [information or] a document in the possession of a non-party entity if that party has a legal right to obtain the [information or] document or has control over the entity who is in possession of the [information or] document." *See Chamber of Commerce of United States of Am. v. City of Seattle*, 334 F.R.D. 440, 441 (W.D. Wash. 2020) (internal citations and quotations omitted); *see also Kaur v. Alameida*, 2007 WL 1449723, at *2 (E.D. Cal. May 15, 2007).

Plaintiff submits that, for Common Interrogatory No. 1, Defendants could, at a minimum, "inspect the Accused Systems [] on their [] properties to determine the manufacturer and model numbers of the hardware and firmware used." Docket No. 152 at 14. Plaintiff also submits that, for Common Requests for Production Nos. 1–4, 6, Defendants must "make reasonable inquiries" of Hospitality Network because the sought-after information and documents are within their "control." *Id.* at 16. Defendants fail to oppose either of these points with authorities and fully developed argument, thereby consenting to them. *Cf.* Local Rule 7-2(d); *see also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). That aside, however, the Court agrees with Plaintiff: Defendants fail to submit that they have attempted to inspect their accused systems

---

153 at 5. Plaintiff does not discuss the content of any of these productions in its reply. *See* Docket No. 155-3.

[4] Moreover, Defendants' failure to object to the substance of Common Interrogatory No. 1 or Requests for Production Nos. 1–4, 6, and submit any such argument in its response to Plaintiff's motion to compel, waives their right to do so in the future. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015) (citation omitted).

to gather any information responsive to Common Interrogatory No. 1 or that they have requested information or documents from Hospitality Network. Thus, until Defendants certify that they have taken these steps to no avail, the Court finds that Defendants have failed to comply with their discovery obligations.

### B. Unreasonably Cumulative or Duplicative

If a Court determines that requested discovery is "unreasonably cumulative or duplicative," it "must limit the frequency or extent of discovery otherwise allowed by these rules" or by local rule. Fed.R.Civ.P. 26(b)(2)(C). However, the Court has broad discretion in making this determination. *Simmons v. Morgan Stanley Smith Barney, LLC*, 2013 WL 310330, at *1 (S.D. Cal. Jan. 25, 2013). The Court makes this determination mindful of the imperative that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (holding that a court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

Defendants submit that "[a] requirement that [they] collect documents from Hospitality Network would clearly be 'unreasonably cumulative or duplicative,' particularly since [Plaintiff] has subpoenaed Hospitality Network for those same documents, which Hospitality Network has agreed to provide." Docket No. 153 at 6 (citing *High Point Sarl v. Sprint Nextel Corp.*, 2011 WL 124534, at *3 (D. Kan. Jan. 14, 2011)). Plaintiff submits, in reply, that Defendants' position fails to justify "their failure over the previous months (before [Plaintiff's] subpoena to Hospitality Network) for not gathering" responsive information and documents within their control. Docket No. 155-3 at 6. Plaintiff further submits that "[p]arty discovery is entirely different from non-party discovery." *Id.* (comparing Fed.R.Civ.P. 26 and 45). Plaintiff also notes that *High Point Sarl* is inapplicable because it "focused only on the discovery burden of the third party [] rather than the party . . . ." *Id.* In short, the opposite of the situation here.

6

Plaintiff again has the better argument. Defendants' single-paragraph, and single-citation, argument on this front fails to constitute well-developed argument. Rule 26 does not apply whenever requested discovery would be cumulative or duplicative; by its language, it applies only when requested discovery is "unreasonably" cumulative or duplicative. This distinction makes a difference under Rule 26. Defendants fail to develop their argument as to any unreasonableness. Further, as Defendants make clear, they share counsel with Hospitality Network for its response to the subpoena and have already located responsive documents. Docket No. 153 at 5. Thus, it appears that there will be little extra work, if any, for Defendants to request the necessary documents from Hospitality Network and then supplement their answer to Common Interrogatory No. 1 and responses to Requests for Production Nos. 1–4, 6. Thus, for these reasons and because party discovery obligations differ from non-party discovery obligations, the Court finds that Defendants have failed to demonstrate that it would be unreasonably cumulative or duplicative to require them to request documents from Hospitality Network responsive to Requests for Production Nos. 1–4, 6.

**IV.   CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiff's motion to compel. Docket No. 152. No later than August 14, 2020, Defendants must: (1) attempt to inspect their accused systems and supplement their answer to Common Interrogatory No. 1; (2) produce any documents in their possession that are responsive to Requests for Production Nos. 1–4, 6; (3) request that Hospitality Network provide all documents—including any that Hospitality Network may have already provided to Plaintiff—responsive to Requests for Production Nos. 1–4, 6 to Defendants, who will then provide them to Plaintiff; and (4) submit a declaration for any information or documents they are unable to obtain after diligent efforts to do so, outlining their efforts.

IT IS SO ORDERED.

Dated: July 31, 2020

_____
Nancy J. Koppe
United States Magistrate Judge