# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LINKSMART WIRELESS TECHNOLOGY, LLC,

    Plaintiff,

v.

CAESARS ENTERTAINMENT CORPORATION, et al.,

    Defendants.

Case No.: 2:18-cv-00862-MMD-NJK

**Order**

[Docket No. 161]

Pending before the Court is Plaintiff's motion to seal documents relating to its motion for extension of scheduled deadlines. Docket No. 161.

A motion to seal itself should generally not be filed under seal. *See Old Republic Ins. Co. v. City Plan Dev., Inc.*, 2017 WL 5076515, at *2 (D. Nev. Nov. 2, 2017); *In re Western States Wholesale Nat'l Gas Antitrust Litig.*, 2016 WL 4944086, at *1 n.1 (D. Nev. Sept. 14, 2016).

Moreover, the motion to seal does not identify the applicable standard or explain how it has been satisfied. The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137).

1

Further, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 241 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)).  As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

Here, Plaintiff improperly filed its motion to seal under seal. *See* Docket No. 161. Further, Plaintiff fails to make the particularized showing of good cause necessary to seal the information it seeks to keep confidential. *Id.*  Finally, Plaintiff improperly seeks to file the entirety of its motion and several exhibits under seal without addressing the proper standards to demonstrate that the information is properly filed under seal and without demonstrating whether the information it seeks to keep confidential can be redacted. *Id.*

Accordingly, Plaintiff's motion to seal is **STRICKEN**.  Docket No. 161.  No later than August 31, 2020, Plaintiff shall file a renewed motion to seal that addresses the relevant standards. Further, Plaintiff shall file a redacted version of its motion for extension of scheduled deadlines and the relevant exhibits on the public docket, to the extent that they can be redacted in compliance with the relevant caselaw and the Court's Local Rules.

IT IS SO ORDERED.

Dated: August 25, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

2