1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LINKSMART WIRELESS TECHNOLOGY, LLC,

      Plaintiff,

v.

CAESARS ENTERTAINMENT CORPORATION, et al.,

      Defendants.

Case No.: 2:18-cv-00862-MMD-NJK

**Order**

[Docket Nos. 165, 167]

11      Pending before the Court is Plaintiff's motion to seal documents relating to its reply in
12 support of it motion for extension of scheduled deadlines and motion for issuance of letter rogatory.
13 Docket No. 165. This motion suffers from several deficiencies.

14      A motion to seal itself should generally not be filed under seal. *See Old Republic Ins. Co.*
15 *v. City Plan Dev., Inc.*, 2017 WL 5076515, at *2 (D. Nev. Nov. 2, 2017); *In re Western States*
16 *Wholesale Nat'l Gas Antitrust Litig.*, 2016 WL 4944086, at *1 n.1 (D. Nev. Sept. 14, 2016).
17 Plaintiff improperly filed its motion under seal.

18      Further, Local Rule IC 2-2(b) requires that a separate document must be filed for each type
19 of relief requested. Here, Plaintiff improperly asks to seal two separate documents relating to two
20 entirely separate motions in one motion to seal.

21      Moreover, the motion to seal does not identify the applicable standard or explain how it
22 has been satisfied. The Ninth Circuit has held that there is a strong presumption of public access
23 to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.
24 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party
25 seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v.*
26 *Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

27      The standard applicable to a motion to seal turns on whether the sealed materials are
28 submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is

"dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).   Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause."   *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137).

Further, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy.   *E.g.*, *Ervine v. Warden*, 241 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)).   As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents.   *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

The declarations submitted by defense counsel, Docket Nos. 168 and 169, address some of the issues regarding some of the exhibits; however, neither declaration addresses the possibility of redaction of those documents.   Further, neither declaration takes a position on the sealing or redaction of Plaintiff's reply or motion for issuance of letter rogatory.

Plaintiff therefore improperly seeks to file the entirety of its reply to its motion for extension of deadlines and several exhibits under seal without fully addressing the proper standards to demonstrate that the information is properly sealed and without demonstrating whether the information it seeks to keep confidential can be redacted.   *See* Docket No. 165.   Further, Plaintiff improperly seeks to file the entirety of its motion for issuance of letter rogatory without addressing the proper standards to demonstrate that the information is properly sealed and without demonstrating whether the information it seeks to keep confidential can be redacted.   *Id*.

Accordingly, Plaintiff's motion to seal is **STRICKEN**.   Docket No. 165.   Plaintiff's improperly-filed motion for issuance of letter rogatory is **DENIED** without prejudice.   Docket No. 167.   No later than **August 31, 2020**, Plaintiff shall file a renewed motion to seal its reply brief, and a separate motion to seal its motion for issuance of letter rogatory, both of which address the

relevant standards.  Further, Plaintiff shall file a redacted version of its reply on the public docket, to the extent that it can be redacted in compliance with the relevant caselaw and the Court's Local Rules.[1]  Finally, Plaintiff shall file a renewed version of its motion for issuance of letter rogatory in compliance with relevant caselaw and the Court's Local Rules.  No later than **September 7, 2020**, defense counsel shall file renewed declarations addressing the relevant standards regarding both sealing of the information and potential redaction of the information their clients seek to remain confidential in the relevant exhibits.  To the extent those exhibits can be redacted in compliance with the Court's Local Rules and the relevant caselaw, defense counsel shall file the redacted versions on the public docket.

IT IS SO ORDERED.

Dated: August 25, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff may file sealed versions of the exhibits that contain information Defendants wish to keep confidential, pending the renewed affidavits the Court is ordering defense counsel to file.