UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION, et al.,<br><br>　　　　Defendant(s). | Case No.: 2:18-cv-00862-MMD-NJK<br><br>**Order**<br><br>**[Docket Nos. 162, 178]** |

Pending before the Court is Plaintiff's motion to extend discovery deadlines. Docket No. 178.[1] The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 178, 182, 181. Plaintiff requests a three-month extension of the discovery cutoff date. Docket No. 178. Defendants oppose Plaintiff's motion and ask the Court not to extend the currently set discovery cutoff date. Docket No. 182. The motion is properly decided without a hearing. *See* Local Rule 78-1.

**I.　ANALYSIS**

A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. Local Rule 26-4; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).[2] The "good cause" inquiry focuses

---

[1] The motion at Docket No. 162 is the same motion as the one refiled at Docket No. 178. The Court therefore **DENIES** the motion at Docket No. 162 as moot.

[2] The "good cause" standard in Local Rule 26-4 is the same as the standard governing modification of the scheduling order under Fed.R.Civ.P. 16(b).

1

mostly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. Although prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Having assessed the outstanding discovery items and considered the pleadings in connection with Plaintiff's motion, the Court finds that good cause exists for granting Plaintiff's request for a three-month extension. The Court makes this finding based on the events that have transpired since the Court's order granting Plaintiff's motion to compel.

Accordingly, Plaintiff's motion to extend discovery deadlines is **GRANTED**. Docket No. 178. The Court **SETS** the following deadlines:

- Fact discovery cutoff: December 8, 2020
- Opening expert reports: January 7, 2021
- Rebuttal expert reports: February 1, 2021
- Expert discovery cutoff: March 5, 2021
- Dispositive and *Daubert* motions: April 8, 2021
- Responses to dispositive and *Daubert* motions: April 29, 2021
- Replies to dispositive and *Daubert* motions: May 13, 2021

The Court issues this order mindful of the imperative that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Thus, **NO FURTHER EXTENSIONS WILL BE GRANTED**.

IT IS SO ORDERED.

Dated: September 8, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

2