# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION, et al.,<br><br>Defendant(s). | Case No.: 2:18-cv-00862-MMD-NJK<br><br>**Order**<br><br>**[Docket No. 180]** |

Pending before the Court is Plaintiff's motion to seal certain exhibits filed in conjunction with Plaintiff's reply in support of its motion for extension of discovery deadlines. Docket No. 180. The Court has considered Plaintiff's motion and Defendants' declarations. Docket Nos. 180, 184, 185.

There is a strong presumption of public access to judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). Parties seeking to maintain the

confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137).

Further, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g., Ervine v. Warden*, 241 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

Plaintiff has publicly filed redacted copies of the exhibits it seeks to file under seal. *See* Docket Nos. 181-2–181-4, 181-6. Defendants submit that public disclosure of the information in these exhibits may harm Defendants' businesses and increase the risk of competitive harm and/or computer fraud. Docket Nos. 180 at 2, 184 at 2, 185 at 2. The Court agrees.

For good cause shown, the motion to seal is **GRANTED**. Docket No. 180.

IT IS SO ORDERED.

Dated: September 8, 2020

Nancy J. Koppe
United States Magistrate Judge

2