UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-00862-MMD-NJK<br><br>ORDER |

## I. SUMMARY

Plaintiff Linksmart Wireless Technology, LLC alleges that Defendants Caesars Entertainment Corporation, Golden Nugget, Inc., Landry's Inc., Las Vegas Sands Corp., MGM Resorts International, and Wynn Las Vegas LLC infringe U.S. Reissued Patent No. RE46,459 (ECF No. 1-1)[1] in this consolidated patent case[2] because they have systems at their hotels that ask guests for login information the first time those guests connect to the WiFi. (ECF No. 1.) Before the Court is Defendants' motion to strike Plaintiff's amended infringement contentions.[3] (ECF No. 189 ("Motion").) Because Plaintiff admittedly did not comply with LPR 1-12 in filing its amended infringement contentions, has alternatively not shown the good cause requiring diligence that could have permitted its filing of those amended infringement contentions, and as further explained below, the Court will grant the Motion.

---

[1]The '459 Patent reissued from U.S. Patent No. 6,779,118. (ECF No. 110 at 5.)

[2]The Court consolidated Case Nos. 2:18-cv-00864-MMD-NJK, 2:18-cv-00865-MMD-NJK, 2:18-cv-00867-MMD-NJK, and 2:18-cv-00868-MMD-NJK under this case. (ECF No. 45.)

[3]Plaintiff filed a response (ECF No. 196), and Defendants replied (ECF No. 198).

## II. BACKGROUND

The Court incorporates by reference the relevant factual background provided in the Court's claim construction order, and does not recite it here. (ECF No. 137 ("Claim Construction Order") at 1-3.) As pertinent to the Motion, in the Claim Construction Order, the Court construed the term "redirection server" to mean "a server configured to redirect a user to a location on the public network that is different from the network location in the user's request[.]" (*Id.* at 5-10.) This is the construction advanced by Defendants, not Plaintiff. (*Id.*)

A brief timeline is also pertinent to the Motion. Plaintiff served its initial infringement contentions on September 26, 2018. (ECF No. 196 at 4.) The Court amended its Local Rules—including LPR 1-12, upon which the Motion relies—on April 17, 2020. (*Id.*) The Court issued the Claim Construction Order on May 8, 2020. (ECF No. 137.) United States Magistrate Judge Nancy J. Koppe subsequently set the discovery cutoff for September 8, 2020. (ECF No. 145.) Then, on Plaintiff's motion (ECF No. 178), Judge Koppe extended the fact discovery cutoff date to December 8, 2020 (ECF No. 187). Plaintiff served its amended infringement contentions on the evening of December 8, 2020. (ECF No. 189-3.) But Plaintiff did not first seek the Court's leave to amend, on the mistaken belief it was not required to do so. (ECF No. 196 at 9.) Plaintiff's counsel erroneously relied on a local copy of the prior version of the Court's Local Rules—which did not require the Court's leave to file amended infringement contentions—instead of the current version of the Local Rules posted to the Court's website. (*Id.*)

Defendants requested a meet-and-confer regarding Plaintiff's amended infringement contentions the evening of December 8, 2020, and the parties met and conferred on December 10, 2020. (ECF No. 189-18.) The parties then followed up with an email thread, previewing the arguments that now figure prominently in the Motion and Plaintiff's response. (*Id.*) Unable to resolve their dispute, this Motion followed.

///

///

2

## III. LEGAL STANDARD

"The District of Nevada's Local Patent Rules, like the local patent rules for the Northern District of California, are designed to require the parties to provide 'early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.'" *Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1161-62 (D. Nev. 2014) ("*Silver State*") (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) ("*O2 Micro*")). "In contrast to the liberal policy for amending pleadings under Rule 15, the philosophy behind amending claim charts under the Local Patent Rules is decidedly conservative[.]" *Id.* at 1162 (citation and internal punctuation omitted). As the Motion is based on LPR 1-12 (ECF No. 189 at 2), that rule provides:

> Other than as provided in LPR 1-18a no other amendments to disclosures may be made other than as set forth herein absent a showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include: (a) material changes to the other party's contentions; (b) recent discovery of material prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality despite earlier diligent search. The duty to supplement discovery responses does not excuse the need to obtain leave of the court to amend contentions.

*Id.* LPR 1-18a, in turn, provides:
> Within 14 days of a Claim Construction Order the parties are required to meet and confer in order to reasonably limit the number of claims and prior art references asserted. Within 30 days of a Claim Construction Order, the parties are to amend their disclosures accordingly, and include any other amendments to their disclosure at that time.

*Id.* Considered together, these rules require that a party amend its disclosures—to the extent those changes are based on a claim construction order—within 30 days of that order issuing. *See id.* Otherwise, a party who wishes to amend its disclosures such as infringement contentions must: (1) first obtain the Court's leave, *see* LPR 1-12; (2) show good cause for the requested amendment, *see id.*; (3) demonstrate it acted diligently, *see*

3

*Silver State*, 32 F. Supp. 3d at 1162 (citation omitted); and (4) show the other party would not be "unfairly prejudiced by 'eleventh-hour alterations.'" *See id.* (citation omitted).

The question of whether to grant Plaintiff leave to amend its infringement contentions under the Local Patent Rules is governed by the law of the Federal Circuit Court of Appeals. *See O2 Micro*, 467 F.3d at 1364. "Decisions enforcing local rules in patent cases will be affirmed unless clearly unreasonable, arbitrary, or fanciful; based on erroneous conclusions of law; clearly erroneous; or unsupported by any evidence." *Id.* at 1366-67 (citation omitted). And "the proper procedure to challenge such amended contentions is through a motion to strike." *Bravo Co. USA, Inc. v. Badger Ordnance LLC*, Case No. 2:14-cv-00387-RCJ-GWF, 2016 WL 6518436, at *2 (D. Nev. Nov. 2, 2016).

## IV.   DISCUSSION

Defendants argue the Court should grant the Motion because: (1) Plaintiff violated LPR 1-12 by not first seeking the Court's leave to file its amended infringement contentions; and, alternatively because (2) Plaintiff cannot establish good cause for its desired amendments, as it was (3) not diligent in filing its amended contentions; and (4) Defendants would be unduly prejudiced if the Court allowed Plaintiff to proceed on its amended contentions filed right at the close of discovery. (ECF No. 189 at 5-8.) Plaintiff responds that Defendants are not prejudiced by Plaintiff's late amendment because the theories reflected in its amended contentions are not really new, concedes it did not comply with LPR 1-12 because its counsel mistakenly was looking at an old version of the Local Rules, but nonetheless argues good cause exists for Plaintiff's amended contentions because Defendants were slow to produce discovery. (ECF No. 196 at 6-10.) The Court agrees with Defendants.

To start, there is no dispute that Plaintiff's amended infringement contentions violate LPR 1-12 because Plaintiff filed them without first seeking the Court's leave.[4] (ECF

---

[4] To the extent Plaintiff sought to amend its infringement contentions to respond to the Court's construction of "redirection server" in the Claim Construction Order, as suggested by the fact that Plaintiff sought to add more detail to its amended infringement

4

Nos. 189 at 5, 196 at 9.) The fact that Plaintiff's noncompliance was inadvertant is of no moment. *See* LPR 1-12 (declining to make the voluntariness of a party's compliance a consideration). Moreover, the current version of LPR 1-12 applies to this case even though this case was filed before the current version of LPR 1-12 became effective. *See* LPR 1-3 ("The court may apply all or part of these rules to any case already pending on the effective date of these rules.").[5] In addition, Plaintiff never attempted to retroactively seek the Court's leave to file its amended contentions after it learned from Defendants that it must. (ECF No. 196 at 9.) The Court accordingly sees no reason not to apply LPR 1-12 as written, and will grant the Motion because of Plaintiff's admitted noncompliance with LPR 1-12.

Alternatively, the Court will grant the Motion because Plaintiff's primary argument in response to the Motion is unpersuasive on its own terms. In gist, Plaintiff argues it had good cause to amend its infringement contentions because Defendants were slow in producing discovery, and Plaintiff amended its contentions in response to discovery produced by Defendants. (ECF No. 196 at 10.) But even Plaintiff states Defendants produced the discovery that Plaintiff seems to argue triggered its desire to amend its infringement contentions at the end of August, 2020, and Plaintiff did not file its amended contentions until December 8, 2020—over three months later. (*Id.* at 5, 10.) Diligence is an element of good cause under LPR 1-12, *see Silver State*, 32 F. Supp. 3d at 1162 (citation omitted), and waiting over three months does not show diligence, *see O2 Micro*, 467 F.3d at 1366-68 (affirming the district court's finding that waiting three months to file amended contentions after receiving new discovery is not diligent). Plaintiff also mentions,

---

contentions indicating that Defendants' systems connect to public network locations, Plaintiff's amended contentions are clearly untimely and thus also violate LPR 1-18a. (ECF Nos. 137 (filed May 8, 2020), 189-3 (dated December 8, 2020).) *See also* LPR 1-18a (providing that amended contentions responsive to a Claim Construction Order must be filed within 30 days of that order issuing).

[5]Plaintiff also concedes that the most recent version of the Local Rules became effective April 17, 2020. (ECF No. 196 at 4.) Plaintiff served its amended infringement contentions nearly 8 months after the new version of the rules became effective. (ECF No. 189-3.)

but then ignores, the fact that it sought and obtained an extension of the discovery cut-off date from September 8 to December 8, 2020. (ECF No. 196 at 4-5.) This further cuts against a finding of diligence.

In sum, the Court will grant the Motion because Plaintiff admits it did not comply with LPR 1-12, and alternatively because Plaintiff has not established good cause for its attempted amendments in any event.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' motion to strike Plaintiff's amended infringement contentions (ECF No. 189) is granted.

DATED THIS 20th Day of January 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE